IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RODNEY PINSON, <br> TDCJ No. 01716419, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN DEFENDANT, <br><br> Defendant. | § § § § § § § § § § § | Civil Action No. 7:22-cv-055-O |

## ORDER DISMISSING CASE

This is a civil action filed by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Plaintiff presents claims of assault and theft. *See id.*

On July 13, 2022, a Notice of Deficiency and Order was entered wherein Plaintiff was directed to file an amended complaint setting forth the facts underlying his claims using the Court's prisoner civil rights form as required under Miscellaneous Order No. 14 (N.D. Tex.). *See* ECF No. 5. Plaintiff was also ordered to either pay the $402.00 filing and administrative fees or submit a motion for leave to proceed *in forma pauperis* along with a certified inmate trust account statement. *Id.* He was ordered to cure the deficiencies by August 3, 2022. *Id.* Plaintiff was admonished that "[f]ailure to comply with [the] order may result in dismissal of the case without further notice." *Id.* Review of the Clerk's docket sheet reflects that Plaintiff has failed to comply with the Court's order.

Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th

Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Considering the status of this case, the imposition of fines and costs is not appropriate. Although he failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice.

Because Plaintiff has not provided the dates on which the events giving rise to this lawsuit took place, it is not clear as to whether his claims might be time-barred upon dismissal. Therefore, Plaintiff may reopen this case by complying with the Court's Notice of Deficiency and Order within thirty days of the date of this order.

For the foregoing reasons, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **11th day** of **August, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE